# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS A. OFFICE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 20-CV-927-JPS
Seventh Cir. Case No. 21-1301

**ORDER**

On November 30, 2020, this Court denied Petitioner's motion to vacate his conviction pursuant to 28 U.S.C. § 2255. (Docket #2). Therein, the Court informed Petitioner that

> A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

(*Id.* at 4).[1] On February 18, 2021, Petitioner filed a document in which he requests that the Clerk of Court accept it "as [his] notice of appeal" and that the Court "accept this filing out of time." (Docket #4 at 1–2). Petitioner claims that he did not receive the Court's prior order and findings until December 30, 2020, notwithstanding that, according to Petitioner, "[t]he envelope [the order] was delivered in was dated 12/01/2020." (*Id.* at 2, 5). Petitioner avers that as of February 14, 2021 (the date he apparently wrote

---

[1] Technically, because one of the parties in this case is the United States, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B)(i), Petitioner had 60 days to file his notice of appeal from this Court's order and judgment dated November 30, 2020.

the letter) he was in the "Special Housing Unit" at Federal Correctional Institution Pekin ("FCI Pekin") and, thus, had limited access to information "to formulate his appeal." (*Id.* at 1, 3).

On August 4, 2021, the Seventh Circuit remanded Petitioner's appeal to this Court. (Docket #8). Therein, the Seventh Circuit recognized that Petitioner's request that "the court accept this filing out of time," constituted a motion to extend time and instructed this Court to rule on Petitioner's motion. (*Id.* at 1–2).

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(i)–(ii), this Court "may extend the time to file a notice of appeal" if a party moves for such extension within thirty days *after* the time prescribed by Rule (4)(a) expires and "regardless of whether [a party's] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." As discussed in Footnote 1, *supra*, Petitioner had sixty days from November 30, 2020, to file his appeal (i.e., until Friday, January 29, 2021). *See* Fed. R. App. 4(a)(1)(B)(i). Because Petitioner is in prison, his notice of appeal and request for extension are "deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk." *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015). It appears that Petitioner's submissions were mailed on February 15, 2021. (Docket #4 at 5, #8 at 1). Therefore, Petitioner filed his notice of appeal and his extension request seventeen days late.

In accordance with Rule 4(a)(5)(a)(i), Petitioner has moved to extend his time to appeal no later than thirty days after January 29, 2021. Thus, the Court now determines whether Petitioner has shown good cause or excusable neglect. Petitioner avers that he received this Court's judgment and order twenty-nine days after FCI Pekin received it. (Docket #4 at 2, 5).

Moreover, Petitioner claims that his ability to access information to formulate his appeal was limited by being in the Special Housing Unit. (*Id.* at 3). According to a Correctional Systems Officer at FCI Pekin, there is no record of when Petitioner received this Court's order. However, the Correctional Systems Officer confirmed that Petitioner was in the Special Housing Unit from December 14, 2020, through February 21, 2021. The Correctional Systems Officer also stated that inmates in the Special Housing Unit do receive their mail.

Based on the foregoing, the Court finds excusable neglect as to Petitioner and grants his request for an extension to file his appeal *instanter*. *See Perry v. Brown*, 854 Fed. App'x 725, 727–28 (7th Cir. 2021) (finding no abuse of discretion by a district court which accepted a prisoner's alleged delay in receiving prison mail as a reason for his belated filing of notice of appeal (i.e., found that prisoner had shown excusable neglect)). *Cf. United States v. Ellis*, No. 03 C 4367, 2006 WL 1749651, at *1 (N.D. Ill. June 20, 2006) (granting the defendant's motion for extension of time to appeal because, "if [the court] measure[d] from the date that [the defendant] actually received the judgment, his request would have been timely under Rule 4(a)(5)(A).")

Accordingly,

**IT IS ORDERED** that Petitioner's request for an extension of time to file an appeal (Docket #4) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge